UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JANE DOE,

                                                                                     **Civil Case No.: 22-cv-09520**

                        Plaintiff,

        *-against-*

THE CRIME REPORT,
THE CENTER ON MEDIA, CRIME AND JUSTICE
(CMCJ) AT THE JOHN JAY COLLEGE OF CRIMINAL JUSTICE,
CITY UNIVERSITY OF NEW YORK d/b/a JOHN JAY
COLLEGE OF CRIMINAL JUSTICE,
AUXILIARY SERVICES CORPORATION, INC.
STEPHEN HANDELMAN, individually, GABRIELA LEAL, individually,
RAJ SINGH, individually, and RESEARCH FOUNDATION OF THE
CITY UNIVERSITY OF NEW YORK,

                        Defendants.
--------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF TO PROCEED ANONYMOUSLY

1. I, Melissa Mendoza, Esq., an attorney with Derek Smith Law Group, PLLC, attorneys for Plaintiff, am fully familiar with the facts of this case.

2. I respectfully provide this memorandum of law in support of Plaintiff's motion to proceed anonymously as "Jane Doe" in the herein action.

3. As can be seen from the Complaint (Dkt. 1), this action involves explicit and disturbing allegations of sexual abuse, sexual assault and sexual harassment, perpetrated by Defendants against Plaintiff.

4. *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008) "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." The Court held "when

1

determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id*. The test set forth by *Sealed Plaintiff v. Sealed Defendant* are included below, along with an explanation as to how these factors apply to the Plaintiff in the instant case:

    **(a)**     ***whether the litigation involves matters that are "highly sensitive and [of a] personal nature.*** The matters in the present case involve matters of physical sexual assault, sexual abuse, and sexual harassment. These matters pertaining to forced and unwanted sexual acts are highly sensitive and of a personal nature by any standard.

    **(b)**     ***whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties.*** Plaintiff's allegations are so horrid and she is a victim of extensive sexual abuse that occurred at the start of her career in journalism that for all of her colleagues, network, and acquaintances to know that she was so badly sexually abused by the Defendant would only serve to further victimize Plaintiff. Identification would only subject Plaintiff to a "rape culture" whereby women's rights and safety are disregarded, and Plaintiff would be associated with the blame put on victims of sexual abuse, sexual assault, and sexual harassment.

    **(c)**     ***whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.*** Plaintiff, as a victim

of sexual abuse should be entitled to privacy and revealing her true identity would only add to her emotional distress including suicidal thoughts and tendencies, for which she is currently suing as one of the damages she has incurred. "Many courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

**(d)** ***whether the plaintiff is particularly vulnerable to the possible harms of disclosure.*** Plaintiff should be entitled to privacy, because she is suffering from diagnosed PTSD and emotional distress including suicidal thoughts and tendencies as a result of Defendant's sexual abuse, sexual assault and sexual harassment. Plaintiff is treating with a medical professional to address her PTSD and emotional distress caused by Defendant Handelman's sexual abuse, sexual assault and sexual harassment perpetuated by Defendants. Revealing her identity would cause a significant setback in the progress she's made in her mental and physical health.

**(e)** ***whether the suit is challenging the actions of the government or that of private parties.*** The suit is challenging the actions of both private individuals and government entities.

**(f)** ***whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be***

|     |     |
| --- | --- |
|     | ***mitigated by the district court.*** Defendants will not suffer any prejudice from Plaintiff proceeding anonymously. The Defendants may defend this action equally as well as if Plaintiff proceeded under her real name. |
| **(g)** | ***whether the plaintiff's identity has thus far been kept confidential.*** Plaintiff's identity has thus far been kept and only the parties involved in this matter are aware of Plaintiff's identity. |
| **(h)** | ***whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.*** In general, the public has a right to know the identities of parties to a lawsuit, but it is respectfully submitted that in this case, an exception should be made due to Plaintiff's mental and physical health risks as well as to protect Plaintiff's reputation. |
| **(i)** | ***whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.*** There is an atypically weak public interest in knowing the Plaintiff's identity because this matter involves government actions and/or governmental policy. As such, there is a strong interest in protecting Plaintiff's name. "In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). "The government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id*. |

  **(j)**  ***whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.*** I am not aware of any other mechanism for protecting the confidentiality of Plaintiff.

In weighing the above factors and balancing test in *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008), Plaintiff should be entitled to proceed as a Jane Doe in the present case.

**WHEREFORE**, in light of the extreme sexual abuse, sexual assault, and sexual harassment incurred by Plaintiff, and in consideration of the above factors, it is respectfully requested that Plaintiff be allowed to continue to proceed anonymously.

Dated:  November 29, 2022
    New York, New York

               DEREK SMITH LAW GROUP, PLLC

           By:   /s/ *Melissa Mendoza*
               Melissa Mendoza, Esq.
               *Attorneys for Plaintiff*
               1 Penn Plaza, Suite 4905
               New York, New York 10119
               (212) 587-0760

## **CERTIFICATE OF SERVICE**

I, Melissa Mendoza, hereby certify that on November 29, 2022, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, which will send notification of such public filing to all counsel registered to receive such notice.

       */s/ Melissa Mendoza*
      MELISSA MENDOZA